FILED
GREAT F...
2012 JUL 24 AM 10 55
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>ROBERT JAMES CAPLETTE,<br><br>Defendant/Movant. | Cause No. CR 08-65-GF-SEH<br>CV 11-14-GF-SEH<br><br>ORDER DENYING § 2255 MOTION<br>AND DENYING CERTIFICATE<br>OF APPEALABILITY |

This case comes before the Court on Robert James Caplette's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Caplette is a federal prisoner. He has been represented throughout these proceedings by counsel Penelope Strong.

All claims except Claims 1 and 2 were denied in previous orders. On April 2, 2012, Caplette was given an opportunity to demonstrate that trial counsel was ineffective by doing what he claimed trial counsel should have done: obtain Ms. Buckman's statement to an Army investigator, and identify the investigator. In the

ORDER DENYING CLAIMS AND DENYING CERTIFICATE OF APPEALABILITY / PAGE 1

event Caplette did not obtain a statement, he was ordered to file a Notice to that effect. A deadline was set for May 29, 2012. *See* Order of April 2, 2012 (doc. 120), at 7 ¶¶ 3, 5. The record shows the Order was duly served. Caplette failed to respond to it.

Claims 1 and 2 alleged:

1. Trial counsel should have attempted to obtain Buckman's statement to the Army investigator under *Brady* or the Jencks Act. Mot. § 2255 at 6-7 ¶¶ 26-27, 9 ¶ 38.

2. The United States should have produced Buckman's statement to the Army investigator under *Brady* or the Jencks Act. *Id.* at 30-31 ¶¶ 121-126.

Caplette has failed to show any prejudice from trial counsel's failure to attempt to obtain Buckman's statement. Claim 1 is denied.

As to Claim 2, the United States must produce any statement that is exculpatory or has impeachment value. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. United States*, 405 U.S. 150, 154-55(1972). It must also produce, "on motion of the defendant," any statement by a witness who has testified at trial. 18 U.S.C. § 3500(b), (e). Caplette has no evidence the statement was exculpatory or useful for impeachment. In fact, Caplette can offer no reason to believe the statement exists.[1]

---

[1] Caplette offered a declaration to show what trial counsel should have done. Purported Rehkopf Decl. (doc. 112) at 10-11 ¶¶ 23-24. The Declaration was stricken from the record because it was not signed. Order of April 4, 2012, at 6-7 ¶ 2. Presumably, however, Caplette followed his

ORDER DENYING CLAIMS AND DENYING CERTIFICATE OF APPEALABILITY / PAGE 2

Therefore, he cannot substantiate Claim 2. It, too, is denied.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Despite opportunity to do so, Caplette failed to carry the case forward as to Claims 1 and 2. Because he failed to obtain evidence that the contents of Buckman's statement to an Army investigator were memorialized in any way, he cannot show that trial counsel prejudiced him either by failing to attempt to obtain the statement or by failing to request it from the United States; nor can he show that the United States was required to produce it under *Brady* or *Giglio*. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). A certificate of appealability is denied as to Claims 1 and

---

own expert's advice, and still he failed to identify a statement the United States should have produced or trial counsel should have sought.

ORDER DENYING CLAIMS AND DENYING CERTIFICATE OF APPEALABILITY / PAGE 3

2.

Claims 3, 4, 5, and 6 were denied in the Order of April 2, 2012. Claim 3 alleged that trial counsel should have served the subpoena for law enforcement information showing prior false allegations of sexual assault. Mot. § 2255 at 26 ¶ 113. But the United States filed, with its Answer, the declaration of Grace Her Many Horses, which showed that the subpoena was served, but no responsive records existed. Her Many Horses Decl. (doc. 105-5) at 1-2 ¶¶ 3-4. Claim 5 alleged that trial counsel should have interviewed John Mc Jackson, Buckman's ex-boyfriend, the first person to whom she reported the rape. Mot. § 2255 at 27 ¶ 113. But the United States filed, with its Answer, the declaration of Larry McGrail. McGrail contacted Jackson by telephone during trial, and Jackson confirmed Buckman's testimony. McGrail Decl. (doc. 105-6) at 2 ¶ 4. Caplette's Reply did not rebut or suggest that he could rebut this declaration. Claim 5 was denied for lack of prejudice. Claim 4 alleged that trial counsel should have subpoenaed cell phone records and obtained the phone records of the D & L Bar to establish a timeline. Mot. § 2255 at 25 ¶¶ 109-110. The claim survived prescreening because, if the time of the call to Jackson had become an issue, then the time of any call to the D & L Bar might have been an issue as well. *E.g.*, Mot. § 2255 at 17 ¶ 72. But given Caplette's failure to challenge Jackson's confirmation of Buckman's testimony at trial, he also could show no

prejudice as a result of counsel's failure to obtain the records, and Claim 4 was also denied. Claim 6 alleged cumulative prejudice. *Id.* at 36 ¶ 145. Ruling on it was denied until all claims but Claims 1 and 2 were denied, at which point cumulative prejudice could not have accrued.

Caplette's other claims did not withstand prescreening. He challenged trial counsel's performance with respect to trial witnesses Joe Bernard, Celeste Wade, and Glen Terry. But he alleged no facts supporting an inference that Bernard knew, when he testified, that he would or might receive a benefit for his testimony. Mot. § 2255 at 20 ¶¶ 86-87, 23 ¶ 101. His subsequent request for discovery into Bernard's benefits was similarly unsubstantiated, *see* Strong Decl. (doc. 118) at 3-5 ¶¶ 4-7, and also failed to show the United States knew Bernard testified falsely. Caplette also failed to allege facts supporting an inference that any attorney could have "confined" the prosecutor's cross-examination of Wade or could have obtained Wade's favorable testimony without taking the risk that the jury would find some of her statements and actions unfavorable, *id.* at 10-15 ¶¶ 43-57, 28 ¶ 113. Caplette only mentioned Terry's name and said nothing further about him.

Caplette challenged counsel's failure to call Betsy Anderson, Dawn Black, and Tessie LaMere. But he failed to show that Anderson's rebuttal of the testimony of witnesses Henderson and Crow would have materially altered their accounts of events

as presented to the jury, Mot. § 2255 at 19-20 ¶¶ 79-85, and he did not even allege that trial counsel was or should have been aware of Black and LaMere's presence at the bar or their potential testimony, *id.* at 15-16 ¶¶ 61-62, 26 ¶ 113.

Caplette also challenged counsel's failure to object to purported vouching by the prosecution, Mot. § 2255 at 33 ¶ 135, but counsel's arguments were firmly rooted in the evidence. He challenged counsel's failure to object to and to appeal the Court's questions to three witnesses, *id.* at 23 ¶ 102, 28 ¶ 113, 29-30 ¶¶ 116-119, but there was nothing inappropriate about the questions. He challenged counsel's failure to obtain a medical or toxicology expert, *id.* at 21 ¶ 92, 24 ¶ 107, 25 ¶ 108, 26 ¶ 113, but he failed to show what such an expert could have contributed. Caplette criticized trial counsel's failure to present evidence of Caplette's non-violent character, *id.* at 8-9 ¶¶ 34-37, but, had counsel pursued that route, surely the United States would have asked any character witnesses if they were aware of his previous conviction for forcible rape. His other claims of ineffective assistance, *see* Order of June 21 at 12-13, were either conclusory or contrary to the record or both.

Caplette alleges many respects in which he believes trial counsel should have handled the case differently, but, as to most, he alleges no facts supporting an inference that he was prejudiced by counsel's performance. As to those claims where prejudice appeared possible, Caplette was given an opportunity to flesh out that

appearance and notify the Court of the results. He failed even to respond to that Order. The Court can only conclude that he concedes there is no substance in his attempts to show that he was deprived of a constitutional right. A COA is denied as to all issues.

**ORDERED**:

1. Claims 1 and 2 are DENIED.

2. All claims having been denied, Caplette's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 101) is DENIED;

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Caplette files a Notice of Appeal;

4. The Clerk of Court shall ensure that all pending motions in this case and in CV 11-14-GF-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Caplette.

DATED this 24th day of July, 2012.

Sam E. Haddon
United States District Court